## HENRY F. WINGERT ET AL. *vs.* CLARENCE K. BOWIE.

*Attorney and Client—Action for Compensation—Evidence— Qualification of Expert.*

In an action by an attorney for services rendered, a bill of complaint filed in another suit was admissible, when plaintiff's services grew out of such suit and his advice was given in reference thereto.       p. 612

The qualification of a witness as an expert is largely within the discretion of the trial court, subject to review.       p. 613

The court will take judicial notice of the fact that the great majority of lawyers are called upon constantly for advice in reference to business and financial matters, especially those who have been counsel for corporations.       p. 313

A lawyer whose practice included a great deal of corporation work and who had had experience in financing corporations and selling corporate stocks, *held* properly allowed to testify as to the value of services rendered by an attorney in selling a controlling interest in the stock of a bank.       p. 613

*Decided February 26th, 1925.*

Appeal from the Circuit Court for Carroll County (FORSYTHE, J.).

Action by Clarence K. Bowie against Henry F. Wingert and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, and DIGGES, JJ.

*Jno. E. Wagaman,* with whom was *Harper Ballentine* on the brief, for the appellants.

*Walter L. Clark,* with whom was *Guy W. Steele* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of appellee who sued appellants for professional services.

Appellee, a prominent member of the bar of Baltimore City, was called upon by appellants for advice in reference to a bill of complaint which had been filed in the United States District Court in Baltimore by the Comptroller of the Currency of the United States, against the First National Bank of Hagerstown and appellants and others, directors of said bank, asking for a forfeiture of the charter and the appointment of a temporary receiver pending the hearing on the bill. A temporary receiver was appointed.

Appellants owned a majority of the shares of stock of said bank and two of them were respectively president and vice-president of the bank. The bill charged a number of violations of the banking and federal reserve laws. It appears from the evidence that appellants admitted to appellee that most of the charges were true and he advised them that in such circumstances there was nothing to be gained by asking for the discharge of the receiver if the bank was to be run under the same management. But appellee, after a conference with the judge of said court and the district attorney, was able to assure appellants that if they would sell their stock to responsible people so that a new and satisfactory management could be installed, the receiver would be discharged. To this they agreed, and appellee was instructed to find a purchaser for the stock of appellants at a price that would enable them to pay their indebtedness. It appears that appellee was well qualified to perform this service by reason of his wide acquaintance with financial interests. He obtained an offer from Hambleton & Company, bankers, which he submitted to appellants, but which they did not immediately agree to accept. On the contrary they indicated that they were not disposed to do anything in the matter at that time, and informed appellee that his services would not be required the next day and that he could go to New York, where he had an appointment for that day.

In his absence the offer made by Hambleton & Company, through appellee, was accepted by appellants substantially as originally made, and the stock sold for $160,000, but they refused to pay appellee for his services. Whereupon the suit was brought, and judgment recovered for $5,000.

There are four bills of exception, all to the rulings of the trial court on evidence. Only the first and third were pressed in the brief and oral argument of appellants, so it will not be necessary to consider the other two.

The first exception was to the admission in evidence of the bill of complaint filed in the federal court. This was the only pleading, as the matter was settled before an answer was filed.

The complaint of appellants is that the bill of complaint could in no way reflect upon the amount of work performed in preparing pleadings by plaintiff which were never prepared, nor upon the value and nature of services in the trial of a case which was never tried; that the inevitable effect of admitting said bill of complaint was to prejudice the minds of the jury against the defendants and to virtually impeach their testimony. But on examination of the bill we do not find that the nature of the charges were such as to reflect upon the veracity or morals of the defendants or to discredit them as witnesses. However that may be, we know of no theory on which it could have been excluded as evidence in a case where the services sued for grew out of, and the advice given had reference to, the suit instituted by the filing of that paper. No authority is cited by appellants, and we know of none, to support such a contention. 6 *C. J.* pages 760, 761. The ruling of the court was correct.

The third exception was to permitting Mr. Charles F. Harley, another prominent member of the bar, to give his opinion as an expert of the value of plaintiff's services, based on a hypothetical question. The ground of the objection was lack of qualification on the part of the witness. The question embraces facts testified to (a) as to purely legal services; (b) as to services in procuring a purchaser for

the stock. It is freely admitted that, as to the first, Mr. Harley was abundantly qualified to give an opinion. The lack of qualification is supposed to be as to the second. There is no suggestion that the question itself is defective either in form or substance.

The qualification of a witness is largely within the discretion of the trial court, subject, of course, to review. *Refrigerating Co. v. Kremer,* 109 Md. at 370. We find no such clear mistake, or abuse of discretion, as to require our interposition.

The Court will take judicial notice of the fact that the great majority of lawyers are called upon constantly for advice in reference to business and financial matters, especially those who have been counsel for corporations. Mr. Harley testified that he had been a busy lawyer for thirty years; that his practice included a great deal of corporation work; that he had had such experience in financing corporations and the selling of stocks as was usual in a busy office like his. The defendants declined to test his qualification by cross-examination. The weight of his testimony was for the jury to determine.

We find no error in the ruling of the court on this exception.

<div align="center">

*Judgment affirmed, with costs to appellee.*